United States District Court
Southern District of Texas
**ENTERED**
January 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:11-CR-1111-1 |
| | § | (CIVIL ACTION NO. 2:16-CV-378) |
| DALILA SANCHEZ | § | |

**ORDER DISMISSING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE
AND DENYING A CERTIFICATE OF APPEALABILITY**

Dalila Sanchez (Sanchez) filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 157. The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules).

### I. BACKGROUND

Sanchez pleaded guilty to conspiracy to possess with intent to distribute 8.11 kilograms of methamphetamine. D.E. 94. She was sentenced in 2012 to 168 months imprisonment. *Id*. Sanchez appealed to the Fifth Circuit Court of appeals which affirmed her sentence in September 2013. D.E. 114. Her petition for writ of certiorari was also denied. D.E. 115.

Sanchez sought a sentence reduction pursuant to Amendment 782 to the sentencing guidelines. She was not eligible. Sanchez appealed and the Fifth Circuit dismissed her appeal as frivolous. D.E. 159. Sanchez' present motion is dated August 30, 2016, and was received by the Clerk on September 6, 2016.

### II. MOVANT'S CLAIMS

Sanchez argues that the career offender enhancement of her sentence by a crime of violence is no longer proper pursuant to J*ohnson v. United States*, 135 S.Ct. 2551 (2015).

### III.  ANALYSIS

The Presentence Investigation Report prepared before Sanchez' sentencing calculated her offense level based upon the following:

| | |
|---|---|
| Base Level based upon the marijuana equivalent of 162,598 kg[1] | 38 |
| Importation of methamphetamine | 2 |
| Credit for acceptance of responsibility | -3 |
| **Total Offense Level** | **37** |

Her criminal history category was I. D.E. 72, ¶¶ 17-26, 31-32. The only increase in Sanchez' offense level was for the importation of methamphetamine. Her guideline sentencing range of 210 to 261 months was driven by the amount of methamphetamine involved. At sentencing, Sanchez received the benefit of safety valve which reduced her guideline range to 168 to 210 months. She was sentenced to the low end of the applicable guideline.

Because Sanchez' claim has no factual basis it is without merit. It is also untimely. *Johnson* was decided on June 26, 2015. Sanchez motion was filed at the earliest on August 30, 2016, more than a year after *Johnson*. *See* 28 U.S.C. § 2255(f)(3).

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Sanchez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

---

[1] Sanchez was in possession of 8.11 kilograms (actual) of methamphetamine and 1.99 kilograms of cocaine. D.E. 72, ¶ 17.

requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Sanchez cannot establish at least one of the *Slack* criteria. Accordingly, she is not entitled to a COA as to her claim.

## V. CONCLUSION

For the foregoing reasons, Sanchez' motion (D.E. 157, Cause No. 2:16-CV-378, D.E. 1) is DISMISSED pursuant to Rule 4(b). Additionally, she is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 18th day of January, 2017.

_____
Janis Graham Jack
Senior United States District Judge