United States District Court
Southern District of Texas
**ENTERED**
July 12, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:11-CR-1111-1 |
| | § | (CIVIL ACTION NO. 2:17-CV-234) |
| DALILA SANCHEZ | § | |

## ORDER

Dalila Sanchez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 162. Although styled a § 2255 motion, the relief she seeks is based upon a change in the sentencing guidelines. She requests application of minor role to reduce her previously imposed sentence. The Court construes the motion (D.E. 162) to be one pursuant to 18 U.S.C. § 3582(c)(2).

Sanchez pleaded guilty to conspiracy to possess with intent to distribute 8.11 kilograms of methamphetamine. She and her co-defendant were held responsible for 8.11 kilograms of methamphetamine (actual), 1.99 kilograms of cocaine, and 1.4 grams of cocaine base, all converted to their marijuana equivalents of 162,602.99 kilograms. Her base offense level of 38 was calculated based upon the drug quantity. Two levels were added for importation of methamphetamine for a total offense level of 37, after credit for acceptance of responsibility. D.E. 72, ¶¶ 16-26. Sanchez had a criminal history category of I, which resulted in a sentencing guideline range of 210 to 262 months imprisonment. *Id*., ¶ 46. The Court sentenced her to 168 months imprisonment after granting credit for safety valve. D.E. 94.

Sanchez argues she is entitled to minor role pursuant to Amendment 794. The Sentencing Guidelines have long allowed for role adjustment. *See* U.S.S.G. § 3B1.2(b), amended November 1, 2015. "Section 3B1.2 is designed to reduce a sentence when the defendant is substantially less

culpable than the average participant in the offense." *United States v. Potahl*, 990 F.2d 1456, 1484 (5th Cir. 1993). At sentencing, the Court denied minor role. D.E. 104, p. 8.

Amendment 794 left the text of § 3B1.2 unchanged but made various revisions to the commentary including a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. The Fifth Circuit held that Amendment 794 is clarifying and thus applicable retroactively to those cases on direct appeal. *United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017). But a clarifying amendment does not apply retroactively to cases on collateral review. *See United States v. Drath*, 89 F.3d 216, 217 (5th Cir. 1996). "[E]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only by an amendment listed in subsection (c) of U.S.S.G. § 1B1.10* that lowers the guideline range." *Id*. at 218 (emphasis in original). Subsection 1B1.10(d)[1] does not list Amendment 794 as retroactive, therefore this Court is not authorized to apply it retroactively.

Sanchez' motion for sentence reduction pursuant to Amendment 794 (D.E. 162) is DENIED. Because her motion (D.E. 162) is really one seeking relief pursuant to 18 U.S.C. § 3583(c)(2) rather than pursuant to § 2255, the Clerk is instructed to administratively close the civil case, 2:17-CV-234.

SIGNED and ORDERED this 12th day of July, 2017.

_____
Janis Graham Jack
Senior United States District Judge

---

[1] § 1B1.10 was amended to change (c) to (d) effective November 1, 2014, as part of Amendment 782.